### P. H. ALLEN v. CITY OF PARIS.

(No. 1198, Op. Book No. 2, p. 28.)

APPEAL from Lamar County.    Opinion by QUINAN, J.

§ 885. *Nuisance; special damage.* Where city authorities, in grading a street, created a mud hole in front of plaintiff's residence, which for the time being was a nuisance, but was filled up and abated soon after it was made, and the plaintiff proved no special damage resulting to him from the mud hole, it was held that he could not recover. The court said: "The nuisance was but temporary in its character, resulting, perhaps necessarily, from the lawful act of the city in filling up and grading its streets; it was common to him and to his neighbors, and he had not shown that any special damage resulted to him therefrom, nor furnished any guide by which, if damage had resulted to him specially, the amount could be definitely fixed by the court." [Addison on Torts, 194; Wood on Nuisance, §§ 472–754.]

§ 886. *Municipal corporation; authority to grade streets, etc.* "Authority to establish grades for streets, and to graduate them accordingly, involves the right to make changes in the surface of the ground which may affect injuriously the adjacent property owners; but where the power is not exceeded there is no liability unless created by statute, and then only in the mode and to the extent provided, from the consequences of its being exercised and properly carried into execution. On the other hand, the owner of the property may take such

measures as he deems expedient to keep surface water off from him, or turn it away from his premises on to the street; and on the other hand, the municipal authorities may exercise their power in respect to the gradation, improvement and repair of streets, without being liable for the consequential damages caused by surface water to adjacent property." [Dillon on Munic. Corp. § 709.]

§ 887. *Damages; must be proved.* In a suit for special damages it is incumbent upon the plaintiff to prove the damage specially done him by the act of the defendant, separate from such damage as may have resulted to him otherwise, and for which the defendant is not accountable.

§ 888. *Damage to realty; measure of.* In a suit for damage done to a town lot by ditching adjacent to it, it was held competent for the defendant to prove that the lot had been benefited by the ditching. Where land is taken absolutely, the benefit to the land adjoining cannot be offset against the value of the land taken. [R. R. Co. v. Faris,     .] But where the land is not taken absolutely, but is only damaged, the benefit resulting to one portion of the land by the act complained of may be offset against the injury resulting from the same act to another portion of the land.

May 6, 1880.                      Affirmed.